UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM HOLDEN BRITT                                         CIVIL ACTION

VERSUS
                                                             NO. 17-424-JWD-RLB
SPIRIT COMMERCIAL RR GROUP
INC., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 2, 2018.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM HOLDEN BRITT** | **CIVIL ACTION** |
| **VERSUS** | |
| **SPIRIT COMMERCIAL RR GROUP INC., ET AL.** | **NO. 17-424-JWD-RLB** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court *sua sponte*. The Court ordered the removing defendant, Spirit Commercial PR Group, Inc. ("Spirit"), to file a memorandum detailing whether the Court can exercise diversity jurisdiction in this action with the State of Louisiana as a party. (R. Doc. 18). Spirit filed a Memorandum in Support of Subject Matter Jurisdiction. (R. Doc. 19).

**I.     Background**

On or about June 29, 2017, William Holden Britt ("Plaintiff") initiated this action in the 20th Judicial District Court, West Feliciana Parish, Louisiana, seeking recovery for damages for a motor vehicle accident. (R. Doc 1-1 at 1-7, "Petition"). Plaintiff named as defendants Seth L. Koehn; Boris Morev; Spirit; ABC Insurance Company; Andrex Logistics, Inc.; and the State of Louisiana, through the Department of Transportation and Development ("DOTD").

Plaintiff alleges that on or about December 5, 2016, he was involved in a collision with a tractor trailer operated by Mr. Koehn and owned by Mr. Morev and Andrex Logistics, Mr. Koehn's employer, and that he seeks recovery from these defendants in light of Mr. Koehn's alleged negligence. (Petition ¶¶ 2-10). More specifically, Plaintiff alleges that he "was travelling in a southerly direction on US Highway [61], south of St. Francisville, Louisiana, when the vehicle he was driving was faced with a tractor trailer which was completely blocking all

1

southbound lanes of travel of US Highway 61." (Petition ¶ 3). Plaintiff alleges that Mr. Koehn "failed to take any evasive maneuvers to avoid collision between Plaintiff's vehicle and [his tractor trailer], including removing the [tractor trailer] from the southbound lanes of travel into the area with the median which is designed for vehicles to stop, clear the southbound lanes of travel and/or wait prior to entering the northbound lanes of travel." (Petition ¶ 7). Among other things, Plaintiff asserts that Mr. Koehn was negligent under Louisiana law for failing to exercise reasonable care, failing to maintain control of his vehicle, failing to maintain a proper lookout, failing to obey the statutory and customary rules of proper lane usage and use of public highways, operating a vehicle while distracted, failing to yield or safely complete a left turn, and obstructing a highway. (Petition ¶ 8).

Plaintiff seeks recovery from Spirit on the basis that it was the liability insurer on the tractor trailer operated by Mr. Koehn. (Petition ¶ 12).

Plaintiff alternatively seeks to recover from DOTD on the basis that it "failed to properly design and construct US Hwy. 61; which prevented the [tractor trailer] . . . from traversing La. Hwy. 964 and turning North onto US Hwy. 61 and allowing the full length of the [tractor trailer] to be completely removed from the south bound lanes of US Hwy. 61 as it entered the paved portion of the median designed to allow traffic [to] turn north onto US Hwy 61 from La Hwy 964." (Petition ¶ 13). Plaintiff alleges that DOTD "had actual and/or constructive notice of the defects alleged in this lawsuit" yet "failed to take corrective measures to prevent the type of accident which forms [the] basis of this lawsuit." (Petition ¶¶ 14-15). Plaintiff further alleges that DOTD is liable for failing to properly repair and/or maintain the paved portion of the highway in compliance with applicable maintenance and/or safety standards and/or guidelines; failing to take reasonable measures to adequately warn the motoring public of the presence of

2

dangerous conditions upon the roadway surface; and failing to properly inspect the paved portion of the highway in a timely fashion to prevent the roadway to collapse and from becoming of such size and depth as to cause a hazardous situation for motorists travelling on the highway. (Petition ¶ 16). Finally, Plaintiff alleges that DOTD "was the owner and custodian and had the legal 'guard' of the subject roadway." (Petition ¶ 17).

On July 5, 2017, Spirit removed this action, asserting that the Court has diversity jurisdiction under 28 U.S.C § 1332. (R. Doc. 1). Spirit asserts that there is complete diversity of citizenship because Plaintiff is a citizen of Mississippi; Mr. Koehn is a citizen of Kansas; Mr. Morev is a citizen of Illinois; Andrex Logistics is a citizen of Illinois; Spirit is a citizen of Nevada; ABC Insurance Company is a fictitious entity whose citizenship is ignored; and DOTD "is a government entity of the State of Louisiana, headquartered in the State of Louisiana, City of Baton Rouge." (R. Doc. 1 at 2-3). While Spirit does not specifically assert that DOTD is a citizen of Louisiana, it asserts that the "forum defendant rule" codified under 28 U.S.C. § 1441(b)(2) does not preclude removal despite the presence of DOTD as a defendant because it was not served at the time of removal. (R. Doc. 1 at 3).

On September 12, 2017, DOTD filed a Motion to Dismiss pursuant to Rule 12(b)(1) asserting that the Eleventh Amendment barred all claims brought by Plaintiff against the State of Louisiana to the extent they are now in federal court. (R. Doc. 8). Plaintiff has opposed that motion. (R. Doc. 10).

On December 12, 2017, the Court issued a *sua sponte* Order asserting that it "does not appear that the Court may exercise subject matter jurisdiction over this action solely pursuant to 28 U.S.C. § 1332 if the State of Louisiana is a party at the time of removal" because the State of Louisiana is not a citizen of any state. (R. Doc. 18). The Court required Spirit to submit briefing

3

on the Court's exercise of subject matter jurisdiction, and allowed the remaining parties to file any responses.

On December 21, 2017, Spirit filed a Memorandum in Support of Subject Matter Jurisdiction. (R. Doc. 19). Spirit asserts that DOTD was improperly joined as a defendant because Plaintiff has no reasonable basis of recovery against it. (R. Doc. 19 at 2-4). Spirt argues that Plaintiff does not detail what repairs or maintenance were required and not performed, how DOTD has failed to comply with any standards or guidelines, how DOTD failed to warn the public of any dangerous conditions, or otherwise provide any factual supporting allegations regarding a collapse in the roadway. (R. Doc. 19 at 3-4). If Plaintiff did not improperly join DOTD, Spirit asserts that this Court may sever and remand Plaintiff's actions to the extent DOTD is named as a defendant. (R. Doc. 19 at 4-6). If severed, Spirit maintains that the Plaintiff could pursue its claims against DOTD in state court. Spirit asserts that the case against DOTD involves separate causes of action with separate witnesses, separate experts, and separate pieces of evidence to be presented at trial, and that DOTD is a dispensable party. (R. Doc. 19 at 4-5).

Neither Plaintiff nor DOTD filed a memorandum regarding subject matter jurisdiction. None of the remaining defendants have made an appearance in this action.

## II.   Law & Analysis

### A.   Diversity Jurisdiction Requirements

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must

exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

There is no dispute that the State of Louisiana is not a citizen of any state and its presence as a defendant, if not otherwise ignored, destroys diversity jurisdiction under 28 U.S.C. § 1332. *See Postal Tel. Cable Co. v. State of Alabama*, 155 U.S. 482, 485 (1894); *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973); *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1416 (5th Cir. 1996); *Batton v. Georgia Gulf*, 261 F. Supp. 2d 575, 593 (M.D. La. 2003).  Furthermore, there is no dispute that DOTD "is equivalent to the State of Louisiana for purposes of determining diversity of citizenship." *Watkins v. Louisiana Dep't of Transp. & Dev.*, No. 09-1743, 2010 WL 744911, at *2 (W.D. La. Feb. 26, 2010); *Bullock v. Smith*, No. 08-1333, 2008 WL 4853355, at *2 (W.D. La. Nov. 7, 2008); *see also*

5

*Fireman's Fund Ins. Co. v. Dep't of Transp. & Dev., State of La.*, 792 F.2d (5th Cir. 1986) (DOTD is entitled to Eleventh Amendment immunity from suits by private citizens in federal court).

In its memorandum in support of subject matter jurisdiction, Spirit argues for the first time that DOTD was improperly joined as a defendant and, accordingly, its lack of citizenship should be ignored for the purposes of finding diversity jurisdiction. The Court will consider that position below.

### B. Improper Joinder

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649. If the court concludes that the plaintiff has any "possibility of recovery against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*.

Generally, a district court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," however, the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. It is within the sole discretion of the court to determine whether the court should conduct a summary inquiry into the plaintiff's possibility of recovery against the allegedly improperly-joined defendant. *See Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309-10 (5th Cir. 2005) (citing *Smallwood*, 385 F.3d at 573-74)).

Spirit asserts that DOTD was improperly joined as a defendant because "there is no reasonable basis for the plaintiff's recovery against" DOTD. (R. Doc. 19 at 3). Spirit argues that Plaintiff asserts that "his injuries were caused by Mr. Koehn's actions in placing the tractor trailer in plaintiff's path" and Plaintiff's allegations against DOTD fail to "sustain a cause of action against" DOTD. (R. Doc. 19 at 3-4). More specifically, Spirt argues that Plaintiff does not detail what repairs or maintenance were required and not performed, how DOTD has failed to comply with any standards or guidelines, how DOTD failed to warn the public of any

7

dangerous conditions, or otherwise provide any factual supporting allegations regarding a collapse in the roadway. (R. Doc. 19 at 3-4).

Spirit has not submitted any discrete facts—such as evidence that DOTD did not have custody or control of the roadway at issue—that merit a summary inquiry into Plaintiff's possibility of recovery against DOTD. Spirit does not address the applicable state law governing DOTD's potential liability to the motoring public or any federal decisions addressing whether DOTD has been improperly joined in actions removed to federal court. Having reviewed the law, the Court concludes that Spirit has failed to meet its heavy burden of establishing improper joinder.

"DOTD has a duty to maintain the public roadways, including adjacent shoulders and areas in the DOTD's right-of-way, in a condition that is reasonably safe and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence." *Forbes v. Cockerham*, 5 So.3d 839, 858 (La. 2009) (citations omitted). "This duty, however, does not render DOTD the guarantor for the safety of all of the motoring public or the insurer for all injuries or damages resulting from any risk posed by obstructions on or defects in the roadway or its appurtenances." *Id*. "Further, [the Louisiana Supreme Court] has held that DOTD's failure to design or maintain the state's highways to modern standards does not establish the existence of a hazardous defect in and of itself." *Id*. "Whether DOTD has breached its duty to the public depends on all the facts and circumstances determined on a case by case basis." *Id*. at 858-59.

In order for DOTD to be held liable under a theory of negligence based on Louisiana Civil Code article 2315 or strict liability based upon Louisiana Civil Code article 2317 and La. R.S. 9:2800, the plaintiff must prove: (1) DOTD had custody of the thing that caused the

8

plaintiff's injuries or damages; (2) the thing was defective because it had a condition that created an unreasonable risk of harm; (3) DOTD had actual or constructive knowledge of the defect and failed to take corrective measures within a reasonable time; and (4) the defect in the thing was a cause-in-fact of the plaintiff's injuries." *Netecke v. State ex rel. DOTD*, 747 So. 2d 489, 494 (La. 1999).

Given the foregoing standards, Spirit has not met its heavy burden of establishing that Plaintiff has no possibility of recovery against DOTD based upon the allegations in the Petition. The Petition provides a short and plain statement of a claim against DOTD under state law. The Petition sufficiently conveys that Plaintiff is asserting a claim against DOTD for failure to remedy, or adequately warn the public, regarding a deficiency in the highway, namely that the paved median was insufficient to allow a tractor-trailer to safely turn left off of La Hwy 964 without blocking southbound traffic on US Hwy 61. While factual issues remain regarding whether DOTD's alleged acts or omissions merit a finding of liability, resolution of those issues for the purpose of determining jurisdiction would entail the detailed inquiry cautioned against by the Fifth Circuit.

Federal courts reviewing similar allegations raised against DOTD in actions involving motor vehicle accidents have held that the respective plaintiffs had a reasonable possibility of recovery against DOTD. *See Daboval v. Miller Transporters, Inc.*, No. 2015 WL 1538810 (E.D. La. Apr. 7, 2015) (remanding action for lack of diversity jurisdiction where Plaintiff alleged that DOTD negligently failed to provide adequate warnings with respect to safe and unsafe turnarounds for tractor trailers on the highway); *Arcenaux v. Knight Transp., Inc.*, No. 14-491, 2014 WL 3589566 (E.D. La. July 18, 2014) (remanding action for lack of diversity jurisdiction where Plaintiff alleged that DOTD designed interstate roadway in a dangerous and defective

9

manner, was negligent in constructing and maintaining the roadway, and failed to warn oncoming motorists of frequent traffic congestion problems of which it had knowledge); *Niles v. Cox*, No. 11-2153, 2012 WL 1078231 (W.D. La. Mar. 29, 2012) (remanding action for lack of diversity jurisdiction where Plaintiff alleged DOTD failed to provide adequate warnings that there was a school bus loading zone on highway where motor vehicle accident occurred); *see also Grice v. Toney*, No. 17-1434, 2018 WL 718545 (W.D. La. Feb. 5, 2018), *adopting report and recommendation*, 2018 WL 719053, at *3 (W.D. La. Jan. 9, 2018) ("The petition could certainly benefit from some additional facts to describe what happened on the highway, but it conveys that there was an accident, and it alleges that DOTD was potentially negligent because of the lack of adequate warnings, signs, and the like in a construction zone. That is adequate to provide a short and plain statement of a negligence claim under state law, as are the similar allegations that the truck driver was following too closely and operating his vehicle in a careless manner."). To be clear, this is not an action where the removing defendant has argued, must less established, that DOTD did not have control or jurisdiction over the portion of roadway at issue. *See*, *e.g.*, *Hazelton v. Union Pac. R.R. Co.*, 497 F. Supp. 2d 800 (W.D. La. 2007) (DOTD improperly joined as defendant in lawsuit involving vehicle struck by train at private railroad crossing because DOTD did not have jurisdiction over the crossing); *Holland v. Norton*, No. 98-2292, 1998 WL 760382 (E.D. La. Oct. 28, 1998) (same).

### III.  Conclusion

Based on the foregoing, the presence of the State of Louisiana, through the Department of Transportation and Development, requires remand of this action for lack of diversity jurisdiction.

**IT IS RECOMMENDED** that the action be **REMANDED** to the 20th Judicial District Court, West Feliciana Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on May 2, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case 3:17-cv-00424-JWD-RLB     Document 22     05/02/18     Page 12 of 12